KEITH D. CABLE (SBN 170055)
CABLE LAW OFFICES
101 Parkshore Drive, Suite 100
Folsom, CA 95630
Telephone: (916) 608-7995
Facsimile: (916) 984-5775

FARAH J. MARTINEZ (SBN 191862)
CHRISTINA MCLAMORE (Florida Bar No. 36244)
DE LA O, MARKO, MAGOLNICK & LEYTON
3001 S. W. 3rd Avenue
Miami, FL 33129
Telephone: (305) 285-2000
Facsimile: (305) 285-5555

Attorneys for Plaintiff
EDWARD L. KEMPER

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| EDWARD L. KEMPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:07-cv-01272-WBS-KJM |
| | ) |
| CUMMINGS/MITCHELL, LLC, | ) CONSENT DECREE |
| | ) (AND ~~PROPOSED~~ ORDER) |
| Defendant. | ) |
| _____ | ) |

CONSENT DECREE AND ORDER

1. Plaintiff EDWARD L. KEMPER filed a Complaint in this action on September 5, 2006, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, et seq., and California civil rights laws, against Defendant CUMMINGS/MITCHELL, LLC. Plaintiff has alleged that Defendant violated Title III of the ADA and sections 51, and 54 of the California Civil Code by failing to provide full and equal access to their

facilities located at Creekside Drive in Folsom, California, when Plaintiff visited the subject facility on February 8, 2007 and March 16, 2007.

2. The Defendant denies the allegations in the Complaint and by entering into this Consent Decree and Order does not admit liability to any of the allegations in Plaintiff's Complaint filed in this action.  The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit (the "Lawsuit") without the need for protracted litigation, and without the admission of any liability.

JURISDICTION:

3. The parties to this Consent Decree agree that the Court has jurisdiction over this matter pursuant to 28 USC §1331 for claims under the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. and pursuant to supplemental jurisdiction for claims under California Civil Code §§51 and 54.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this consent decree agree to entry of this Order to resolve all claims regarding injunctive relief and damages raised in the Complaint filed with this Court.  Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief and damages.

WHEREFORE, the parties to this consent decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

SETTLEMENT OF INJUNCTIVE RELIEF:

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendant for injunctive relief and damages that have arisen out of the subject Complaint.  The parties agree that there has been no admission or

finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

7. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and the Americans with Disabilities Act Accessibility Guidelines (ADAAG):

(a) Remedial Measures: Defendant agrees to remove all barriers to access identified in Exhibit A, the accessibility survey report (the "Report") prepared by ADAAG Consulting Services, LLC, as agreed to in columns L and M of the Report. Exhibit A is incorporated herein by reference as if fully set forth in this document.

(b) Timing of Injunctive Relief: The Defendant shall proceed with the remedial work on a schedule which it determines to be reasonable, taking into account the availability of funds; contractors and materials; the need to prepare plans and obtain permits; the weather; and the need to schedule and sequence the implementation of the Remedial Measures in order that they may result in the least interference with the use of the Building by tenants and visitors. Notwithstanding, all the Remedial Measures shall be completed by no later than twelve (12) months from the date of entry of this Consent Decree and Order by the Court. In the event that unforeseen difficulties prevent Defendant from completing any of the agreed-upon injunctive relief by the deadline, Defendant will notify Plaintiff's attorney in writing within 15 days of discovering the delay, and will provide its best estimate of a date for completion. Defendants will notify the Plaintiff's attorney when the corrective work is completed, and in any case will provide a status report no later than 120 days from the entry of this Consent Decree, and each 120 days thereafter until all the Remedial Measures are complete.

(c) Within ten (10) days of completion of the work described in Exhibit "A," Defendant shall notify Plaintiff's attorney. Plaintiffs' representatives shall be allowed to

make a post compliance inspection to verify completion of the remediation described in Exhibit "A." If all barriers identified in Exhibit A have been remediated, the time for the inspection is at Plaintiff's expense, and, if not, Defendant is responsible for the reasonable cost of Plaintiff's expert's time for the re-inspection. If the work is not done correctly, then Defendant will have 90 days to cure any deficiencies after receipt of written notice from Plaintiff's Counsel after the re-inspection. If the Defendant fails to cure the deficiencies within 90 days after receipt of such written notice, then Plaintiff may file a motion to enforce this Consent Decree, and will be entitled to recovery of reasonable attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205 of the Americans with Disabilities Act, if Plaintiff prevails.

DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:

8.  The Defendant shall pay to Plaintiff the total sum of $19,498.54 (the "Settlement Payment"), which represents $8,000.00 for damages to Plaintiff, and Plaintiff's attorneys' fees and costs of $11,498.54. The Settlement Payment shall be made payable to de la O, Marko, Magolnick & Leyton (Federal Taxpayer Identification Number 65-0492134). The Settlement Payment shall be delivered to Charles Ferguson with fourteen (14) days of filing this Consent Decree and Proposed Order. De la O, Marko, Magolnick & Leyton will distribute Edward L. Kemper's share of the Settlement Payment to by check made payable to Edward L. Kemper. This Settlement Payment compensates for all claims including but not limited to personal and physical injury, civil rights violations, emotional distress, and any other form of damages, allegedly sustained by Plaintiff. The parties agree that this Settlement Payment also resolves all claims for attorneys' fees and costs related to this matter, with the exception of any fees and costs incurred by Plaintiff's counsel and/or experts related to the re-inspection and any motion to enforce the terms of this Consent Decree as outlined in paragraph 7(c) of this Consent Decree.

ENTIRE CONSENT DECREE AND ORDER:

9. Issues resolved and issues reserved:

   a) This Consent Decree and Order and Exhibit A to this Consent Decree, which are incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between Plaintiff and Defendant on the matters of injunctive relief and damages, and no other statement, promise, or agreement, either written or oral, made by the Plaintiff or any agents of the Plaintiff, to Defendant, or by the Defendant or any agents of the Defendant to the Plaintiff, that is not contained in this written Consent Order, shall be enforceable regarding the matters of injunctive relief and damages described herein.

CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:

10. This Consent Order shall be binding on Plaintiff EDWARD L. KEMPER, Defendant CUMMINGS/MITCHELL, LLC; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Order during the period of the Court's jurisdiction of this Consent Decree.

MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:

11. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the Lawsuit. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the Plaintiff against Defendant or Defendant against Plaintiff with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered

or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

This waiver applies to the injunctive relief and damages aspects of this action only and does not include resolution of plaintiff's claims for attorney fees, litigation expenses and costs.

12. Except for all obligations required in this Consent Decree, Plaintiff releases and forever discharges the Defendant, and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, trustees, co-trustees or representatives of Defendant, and Defendant releases and forever discharges Plaintiff, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit or the subject matter thereof.

In addition, Defendant has increased access to other facilities and buildings at Creekside Office Park, 1611-1675 Creekside Drive, Folsom, California, though not required by law or otherwise to do so. In general, defendant has installed pole-mounted directional path of travel signs with other handicapped symbols, installed detectible warning surfaces, installed new concrete ramps and curbs, cross-hatched path of travel areas, poured new sidewalks, and installed wheel stops ("New Improvements"). Plaintiff releases and forever discharges Creekside Office Park and its owners, officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance companies, heirs, predecessors,

trustees, co-trustees or representatives from all claims, demands, actions and causes of action of whatsoever kind or nature, presently known or unknown, arising out of or in any way connected with the New Improvements or the subject matter thereof.

TERM OF THE CONSENT ORDER:

13. This Consent Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

NOTICES:

14. Notices shall be given by certified or overnight mail, return receipt requested, if to Plaintiff to:

>       Charles Ferguson
>       de la O, Marko, Magolnick & Leyton
>       3001 S.W. 3RD Avenue
>       Miami, FL  33129

If to Defendant, to:

>       Eric R. Garner
>       Wagner Kirkman Blaine Klomparens & Youmans LLP
>       10640 Mather Blvd., Suite 200
>       Mather, CA  95655

or to such other address as the parties may from time to time specify by giving notice as provided herein.

SEVERABILITY:

14. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

/ / /

SIGNATORIES BIND PARTIES:

15. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature or pdf copy submitted by electronic mail shall have the same force and effect as an original signature.

Plaintiff EDWARD L. KEMPER

Dated: _____

  s/original on file         _____
Edward L. Kemper


Defendant CUMMINGS/MITCHELL, LLC,

Dated: _____

  s/original on file         _____
Rod Mitchell
Its: _____

APPROVED AS TO FORM:

Dated: _____          CHARLES FERGUSON
                              DE LA O, MARKO, MAGOLNICK & LEYTON


                                   /s/  CHARLES D. FERGUSON
                              Attorney for Plaintiff Edward L. Kemper


Dated: _____          ERIC GARNER
                              Wagner Kirkman Blaine
                              Klomparens & Youmans LLP


                                   /s/ ERIC GARNER
                              Attorney for Defendant Cummings/Mitchell, LLC

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated:  December 28, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

**CABLE LAW OFFICES**

By:   /s/  KEITH D. CABLE
      KEITH D. CABLE
      Local Counsel for Plaintiff

and

**DE LA O, MARKO,
MAGOLNICK & LEYTON**

By:   /s/  CHARLES D. FERGUSON
      DANIEL L. LEYTON
      CHARLES D. FERGUSON
      FARAH J. MARTINEZ
      Attorneys for Plaintiff